THE NEW BRUNSWICK STEAMBOAT AND CANAL TRANSPORTATION COMPANY, appellants vs. THOMAS BALDWIN, appellee.

Where the appellant made oath, "that the appeal is not brought for the purpose of vexation or delay, but that the said plaintiffs verily believe, they have a just and legal defence to make on the merits of the suit," *held* that the affidavit was sufficient. The act of 23d of November, 1821, *Har. Com.* 6, *sec.* 5, does not prescribe a form of the affidavit. It is rather directory. An affidavit made by the president, secretary, or other proper officer, or agent of a corporation, where the corporation is a party to the suit, is, in legal contemplation, an affidavit made by the party. Case of *Engle* v. *Blair,* 6 *Halst.* 339, examined.

This was an application for a mandamus to be directed to

the Common Pleas of Middlesex; that court having dismissed the appeal for want of a sufficient affidavit as required by the act of 23d November, 1821. *Har. Com.* 6, *sec.* 5. *J. S. Nevius*, for the appellants, moved for the mandamus and cited, *The Trenton Bank* v. *Haverstick*, 6 *Halst.* 171.

*Lupp.* contra, cited *Harker* v. *Gustin*, 7 *Halst. R.* 42, *& Engle* v. *Blair*, 6 *Halst.* 339.

The affidavit was made by the president of the corporation.

HORNBLOWER, C. J. The counsel for the appellee, has raised several objections; one of which was, that the affidavit was not made by the *party* demanding the appeal. If by the word *party*, he means the corporation itself, the objection is at least true in fact. The corporation *did* not make the affidavit; and if the objection on that ground is fatal, a corporation can never appeal, for it cannot make an affidavit.

The twenty-sixth section of the act commonly called the attachment act, *Rev. Laws,* 361, requires the affidavit to be made by " the *applicant* " for the writ. In legal contemplation, the plaintiff in attachment, is the applicant for the writ; and the term " applicant," in that place, is undoubtedly used as synonimous with the word " creditor," in the first section of the act, by whom the affidavit is there required to be made. And yet in *The Trenton Bank* v. *Haverstick*, 6 *Halst.* 171, it was held, that an affidavit made by the attorney of the bank, was sufficient to authorize the issuing of an attachment. So too, no appeals are to be granted or certiororis allowed, unless *the party* demanding the one, or applying for the other, shall enter into bond, &c. *Rev. Laws,* 640, *sec.* 30 *&* 642 *sec.* 47 ; and yet it has been repeatedly decided, and is the constant practice, to grant appeals and allow certioraris upon bonds executed by third persons and not by the party himself.

It would be unreasonable to deny to corporations, (who are now liable to be sued in courts for the trial of small causes) the benefit of an appeal, upon so narrow a construction of the act. My opinion is, that an affidavit, made by the president, secretary, or other proper officer or agent of a corporation, where the corporation is a party to the suit, is, in legal contemplation, an affidavit made by the *party*. Another objection is, that it

does not appear that Miles C. Smith, who made the affidavit, was president, &c. It is not, indeed, a fact sworn to; but is certified by the justice. He says, "personally appeared before me, N. B. a justice of the peace, &c. Miles C. Smith, president, &c. who being sworn," &c. The deponent made and subscribed the affidavit in the character of president of the company; and this I think is, *prima facie*, sufficient evidence of the fact. It is not like the case of *Den* v. *Gustin*, 7 *Halst.* 42, cited by defendant's counsel. In that case, the record of a deed was offered in evidence upon the proof of a man, stated in the certificate to be a subscribing witness, whose name did not appear on the record as such.

Again, it is objected that the affidavit is not conformable to the one prescribed in the act. But the act does not prescribe a form. It is rather directory. The object of the legislature was, to prevent the abuse of the appellate privilege, for mere purposes of vexation and delay. To effect that object, they require an affidavit, that the appeal is not prosecuted for delay, and that the party believes he has a just and legal defence or ground of appeal on the merits. If those two material facts are plainly and unequivocally sworn to, it is sufficient. It is true, in the case of *Engle* v. *Blair*, 6 *Halst.* 339, the late chief justice, who delivered the opinion of the court, expressed himself in terms that seem to convey the idea, that the precise words of the statute must be employed. But I do not apprehend that such was the meaning of the court. He does not say, the statute has prescribed the *form;* but that it has prescribed the *contents* of the affidavit. But the affidavit in that case, was a much wider departure from the requirement of the act than is the affidavit in this, as will appear by a comparison. The affidavit in this case is, "that the appeal is not *brought* for the purpose of *vexation* or delay, but that the said plaintiffs verily believe they have a just and legal defence to make *on* the merits of the suit." The statute says, the affidavit must state, that the appeal was not *intended* for delay. But surely, if it was not *brought* for delay, it could not be *intended* for delay. Again, the statute uses the word *upon* in one place, and the word *case* in another. The affidavit, instead of *upon* employs the word *on*, and instead of *case* the word *suit:* in both in-

Steamboat and Canal Co. *v.* Thos. Baldwin.

stances conveying the precise meaning expressed by the words used in the statute. The only other variance from the words of the statute, consisted in the introduction of the word *vexation;* " vexation or delay," instead of " delay " only. To say the worst of it, it is only surplusage, though it would have been quite as well if the statute had used that word ; for appeals are often brought for the purpose of vexation, as well as delay.

I think the Court of Common Pleas erred in dismissing the appeal upon such refinements, and that a mandamus ought to go.

FORD, J. This appeal was dismissed by the Common Pleas of Middlesex, because the statute requires an affidavit that the appeal is not "*for delay*," whereas this affidavit says, " for vexation or delay ; " but being for neither, it clearly was not for delay, and that satisfies the statute. The word vexation is harmless surplusage.

Secondly, because the party must swear that he has a just and legal defence on the merits of the *case*, whereas this affidavit says on the merits of the *suit*. But case and suit mean the same thing ; it cannot be on the merits of the case, without being on the merits of the suit. Parties are to be holden to the very *words* of the statute, or to their strict meaning. A case in covenant or debt, means a suit in covenant or debt.

Thirdly, because the affidavit if otherwise good, is not made by the *party*, and the statute says it shall be made by the party demanding the appeal. But the party demanding this appeal, is a corporation : how could it make an affidavit ? It has been decided that any of the officers of the corporation, or even its attorney, may make it, if he has a reasonable knowledge of the facts required to be verified ; and here it is made by Miles C. Smith, the president of the company. It is objected that he does not state in the *affidavit* that he *is* president. Now there was no necessity for it according to the statute, which relates only to the two points respecting delay and merits. It is not the statute, but the court which requires to be satisfied that he is president, and the evidence appears sufficient to remove all doubt from this collateral fact. The justice certifies " that Miles C. Smith, president of the New-Brunswick Steamboat

and Canal Transportation Company," personally appeared before him and deposed; this is in the caption of the affidavit, and is part of the return of the justice. Besides this, the appellee holds Miles C. Smith, bound to him in the appeal bond, which is one of the documents in the case, whereto Miles C. Smith, affixes the *seal of the corporation,* and signs his name as president. What better evidence did the court need of his being president, (when there was none to the contrary) than this return of the justice, and implied admission by the opponent party from his acceptance of the bond? I am of opinion the dismissal of the appeal was wrong, and that a mandamus should go to the Common Pleas, to proceed in it according to law.

RYERSON, J. concurred,

Mandamus ordered.

CITED in *Hitsman ads. Garrard,* 1 *Harr.* 126 ; *VanCampen* v. *Ribble,* 2 *Harr.* 434
*Hamilton* v. *Peacock,* 3 *Harr.* 436.